**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARIANO DE AVILA-BARBOSA, | No. 05-73285 |
| Petitioner, | Agency No. A038-516-214 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:   SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Mariano De Avila-Barbosa, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's removal order.  We have jurisdiction under 8 U.S.C.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law and constitutional claims, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we deny the petition for review.

De Avila-Barbosa does not challenge the agency's determination that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 1995 conviction for lewd or lascivious acts with a child under 14 years of age in violation of California Penal Code § 288(a).

The BIA determined that De Avila-Barbosa is ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because his ground of removability lacks a statutory counterpart in a ground of inadmissibility. *See* 8 C.F.R. § 1212.3(f)(5). De Avila-Barbosa's legal and retroactivity challenges to this determination are unavailing. *See Abebe v. Mukasey*, 554 F.3d 1203, 1207, 1208 n.7 (9th Cir. 2009) (en banc); *see also Aragon-Ayon v. INS*, 206 F.3d 847, 853 (9th Cir. 2000) ("We are satisfied that Congress intended the 1996 amendments to make the aggravated felony definition apply retroactively to all defined offenses whenever committed.").

Because the determination of ineligibility is dispositive, we do not reach De Avila-Barbosa's remaining contentions.

**PETITION FOR REVIEW DENIED.**

05-73285